# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CRIMINAL ACTION NO. 3:16-CR-00031-TBR

UNITED STATES OF AMERICA,                                              Plaintiff,

v.

MATTHEW GRAVES,                                                    Defendant.

## MEMORANDUM OPINION AND ORDER

In 2016, a federal grand jury returned a four count indictment, charging Matthew Graves with knowingly advertising, receiving, and transporting child pornography. Pursuant to Federal Rule of Criminal Procedure 16, and consistent with the holding of *Brady v. Maryland*, 373 U.S. 83 (1963), Graves moves for the production of an assortment of information which he labels as material to his defense. The Government opposes (at least in part) that motion. For the following reasons, Graves's Motion to Compel, [R. 36], is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED IN PART AS MOOT**.

The record before the Court is quite limited. Briefly, a federal grand jury returned a four count indictment against Matthew Graves in 2016, charging him with knowingly advertising, receiving, and transporting child pornography. [R. 1 at 1–3 (Indictment).] It appears as if those charges arise from a series of communications between Graves and William Henry Steinhaus, IV over a two-day period in December 2014. [R. 43 at 2 (Response).] The two men allegedly conversed and exchanged pornographic images of children using a smartphone messenger application known as "Kik." [*Id.* at 3.] The Government obtained logs of those conversations from Steinhaus's cellphone. [*Id.* at 5; *see also* R. 36-10 at 1 (FBI Report of Investigation).]

1

Recently, Steinhaus pleaded guilty to various charges in a separate case, *United States v. Steinhaus, IV*, No. 1:15-CR-00544-CCB (D. Md. Apr. 4, 2017). Graves, however, has maintained his innocence from the start. With the prospect of trial approaching, he filed the instant motion to obtain three categories of information from the Government, along with certain information from Verizon Wireless, a nonparty to this criminal action.[1] [*See* R. 36 at 1–2, ¶¶ 1–2, 5–6 (Motion to Compel).] The Court will address each request in turn.

### A.

To begin, Graves asks the Government to produce the discovery file (including any Kik chat logs in its possession), pleadings, and orders in *United States v. Steinhaus, IV*. [R. 36 at 1–2, ¶¶ 1, 5; *see also* R. 44 at 1–2 (Reply).] The Government opposes that demand as falling outside the scope of its obligations under Federal Rule of Criminal Procedure 16(a). [R. 43 at 2.] Ultimately, the Court finds at least some of the sought-after information subject to disclosure.

Federal Rule of Criminal Procedure 16(a) requires the Government, upon request, to "permit the defendant to inspect and to copy" evidence within its possession, custody, or control so long as the thing sought is, *inter alia*, "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). In this Circuit, "material" evidence is that which could be used to "refute the Government's arguments that the defendant committed the crime charged." *United States v. Pirosko*, 787 F.3d 358, 367 (6th Cir.) (quoting *United States v. Robinson*, 503 F.3d 522, 532 (6th Cir. 2007)), *cert. denied*, ⸺ U.S. ⸺, 136 S. Ct. 518

---

[1] Graves also sought the production of seven other categories of information. [*See* R. 36 at 1–2, ¶¶ 3–4, 7–11 (Motion to Compel).] Based on Government's response, however, those requests appear to be moot. [*See* R. 43 at 3–6 (Response).] Accordingly, the Court need not address those portions of Graves's motion.

(2015). The defendant must make a *prima facie* showing of materiality to justify disclosure. *United States v. Clingman*, 521 F. App'x 386, 392 (6th Cir. 2013) (citing *United States v. Phillip,* 948 F.2d 241, 250 (6th Cir. 1991)).

Here, Graves has not demonstrated with any degree of particularity that the Government's entire investigative file in *United States v. Steinhaus, IV* is material to his defense. The same is true for the pleadings and orders in that action (if those things are even subject to production under Rule 16(a)). *See United States v. George*, 786 F. Supp. 11, 15 (D.D.C. 1991) ("Discovery of pleadings from another case does not fall within the strictures of Rule 16."). Accordingly, the Government need not produce its entire investigative file or copies of the pleadings and orders in the above-referenced action.

However, logs of conversations between Steinhaus and other Kik users do seem material. Graves posits that those exchanges, which apparently involve a number of different individuals, contain dialogue strikingly similar to the dialogue attributed to him. [R. 44 at 3.] It is rational to conclude that evidence of such a sort would aid Graves's defense that he was not the person who participated in the subject conversations. Therefore, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E)(i), the Government must permit Graves to examine copies of Steinhaus's chat logs in its possession. *See United States v. Holihan*, 236 F. Supp. 2d 255, 263–64 (W.D.N.Y. 2002) (holding information which, if credited, would cast doubt on identity of perpetrator to be material to defense).

**B.**

Next, Graves asks the Government to produce the iPhone seized from him as an alleged instrumentality of the charged offenses so that his expert may conduct an

independent forensic examination of the device's contents. [R. 36 at 1, ¶ 2; *see also* R. 44 at 2–3.] Although the Government does not object to allowing the defense to view the device, it does object to releasing the iPhone from its custody. [R. 43 at 2–3.] Its objection is well-taken—albeit with one exception.

As previewed above, Federal Rule of Criminal Procedure 16(a) requires the Government to "permit the defendant to inspect and to copy" things (including data) within its possession, custody, or control when, *inter alia*, that item "was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E)(iii). The right of inspection is not, of course, without limits. It is well established that the Court enjoys considerable discretion to "deny, restrict, or defer discovery or inspection" so long as there is "good cause" to do so. Fed. R. Crim. P. 16(d)(1).

The Court understands the Government's reluctance to release the iPhone from its custody. But Rule 16(a)(1)(E)(iii) gives Graves the right "to inspect and to copy"—not simply to view—the iPhone which, after all, belongs to him. *See United States v. Parks*, No. 1:08-CR-58, 2009 WL 1617010, at *2 (E.D. Tenn. June 9, 2009). The Court sees no reason to impose any special restrictions since the device contains nothing illicit. *Cf.* 18 U.S.C. § 3509(m). Accordingly, the Government must make the iPhone available for Graves "to inspect and to copy" in some nondestructive fashion. *See United States v. Hill*, 322 F. Supp. 2d 1081, 1091–92 (C.D. Cal. 2004), *aff'd*, 459 F.3d 966 (9th Cir. 2006). It need not, however, release the device to him.

## C.

On a related note, Graves asks the Government to identify the cellphone that used the internet protocol address associated with the chat logs obtained from Steinhaus's

phone. [R. 36 at 2, ¶ 6; *see also* R. 44 at 4.] The Government, however, apparently concedes that it has no way "to determine what device was utilizing the IP address at the date and time" of the conversations at issue. [R. 43 at 4.] Therefore, the Court finds Graves's request moot.

### D.

Lastly, Graves asks for an order directing Verizon Wireless to produce cellphone tower, ping, and location data for his iPhone between December 8 and December 9, 2014. [R. 36 at 2; *see also* R. 44 at 4.] The Government does not object per se, but does argue that Graves ought to subpoena those records pursuant to Federal Rule of Criminal Procedure 17(c)(1) instead. [R. 43 at 6.] The Court agrees. A subpoena *duce tecum* appears to be the correct procedural vehicle for Graves to use in these circumstances. *See United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990); 2 Charles Alan Wright et al., *Federal Practice and Procedure* § 272 (4th ed.), Westlaw (database updated April 2017). Accordingly, the Court will not issue the sought-after order.

### E.

**IT IS HEREBY ORDERED** that Matthew Graves's Motion to Compel, [R. 36], is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED IN PART AS MOOT**.

**IT IS SO ORDERED**.

Date:

cc: Counsel of Record